**In re SUNRISE INVESTMENT GROUP, INC., Debtor.**

**SUNRISE INVESTMENT GROUP, INC., Plaintiff,**

**v.**

**Nate M. OLIVER, Charlie Green, as Clerk of the Circuit Court for the Twentieth Judicial Circuit and Phyllis M. Oliver a/k/a Phyllis Walker, Defendants.**

**Bankruptcy No. 90–11955–9P1.**
**Adv. No. 91–365.**

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

June 3, 1992.

Richard Johnston, Jr., for plaintiff.

Jeffrey S. Sandler, for Nate Oliver.

Steven Carta, for Charlie Green.

Alfred E. Johnson, for Phyllis Oliver.

### ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO AMENDED COUNT III

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration involves certain claims set forth in the above-captioned adversary proceeding initiated by a three-count Complaint filed by Sunrise Investment Group, Inc. (Debtor) against Nate M. Oliver and Charlie Green, as Clerk of the Circuit Court for the Twentieth Judicial Circuit. The Complaint, entitled Supplemental Complaint, was filed on July 29, 1991.

In the claim in Count I, the Debtor alleged that certain checks drawn on the Debtor–in–Possession's BancFlorida, F.S.B. (BancFlorida) account in the amounts of $2,755.00 and $2,164.74 were used to purchase a cashier's check from BancFlorida in the amount of $4,919.74 and were paid to Charlie Green (Green), Clerk of the Circuit Court, by Nate M. Oliver (Oliver) who was at that time the president and the sole stockholder of the Debtor. It is alleged that these funds were property of the estate and that the payment is a voidable postpetition transfer, pursuant to § 549 of the Bankruptcy Code and therefore, Green should be required to turn over the funds to the Debtor. The claim in Count II seeks the turnover of a 1987 Acura Legend sedan which is allegedly in the possession of Oliver and is claimed to be property of the estate and therefore, Oliver should be ordered to turn over the vehicle to the Debtor. The claim in Count III seeks to void a certain transaction as fraudulent pursuant

to § 548 of the Bankruptcy Code, to wit, the granting of a mortgage by Oliver on behalf of the Debtor in favor of Phyllis Walker (Walker) a/k/a Phyllis Oliver, the former wife of Oliver.

This Court previously disposed of the claim in Count I by granting the Motion For Summary Judgment in favor of the Debtor and against Green, and dismissed Count II of the Complaint. This leaves for consideration the claim set forth in Count III of the Complaint, the claim based on the alleged fraudulent transfer by the Debtor involving the mortgage encumbering the property of the estate. It is the Debtor's contention that there are no genuine issues of material fact and the Debtor is entitled to a judgment as a matter of law in its favor declaring that the granting of a mortgage by the Debtor to Walker is a voidable fraudulent transfer pursuant to § 548 of the Bankruptcy Code. The facts relevant to the resolution of this remaining issue as appear from the record are basically without dispute and should be summarized as follows:

On November 30, 1990, the Debtor, through its then president, Oliver, filed a Petition for Relief on behalf of the corporation under Chapter 11 of the Bankruptcy Code. At the time relevant Oliver was not only the president, but also the sole shareholder of the Debtor corporation and as such had exclusive possession and control of all records of the Debtor including the regular and Debtor–in–Possession bank account maintained by the Debtor.

In August, 1990, Stephen G. Kolody (Kolody) obtained a judgment against the Debtor in the amount of $18,393.78 and against Oliver individually in the amount of $2,250.00 in the Circuit Court for the Twentieth Judicial Circuit, Lee County, Florida. In addition, Kolody obtained an Order granting his Motion for Sanctions and for Taxation of Attorney's Fees and Costs and awarded Kolody the sum of $16,926.14. The Circuit Court also entered an Order on January 7, 1991 which vested ownership of the Debtor's stock, previously owned by Oliver, in Kolody. On the same date Kolody elected himself as the president and sole

director of the Debtor. Thus, Oliver was effectively removed from his previously-held positions and is no longer an officer or stockholder of the Debtor.

At the time relevant, the Debtor owned, and still owns, two commercial buildings located on South Cleveland Avenue in Ft. Myers, Florida. These buildings are encumbered by a mortgage executed by the Debtor in favor of Sun Bank of Lee County securing the principal amount of indebtedness in the amount of $400,000.00. This mortgage was executed by Oliver on behalf of the Debtor on June, 1990. In connection with the execution of this mortgage, the properties were appraised and a value for these two buildings was stated by the appraiser to be $825,000.00. It is without doubt that on August 6, 1990 Oliver, individually and also as an officer of the Debtor, executed a mortgage to Walker allegedly securing a claimed indebtedness due to Walker in the amount of $433,880.08. The mortgage encumbered the two buildings mentioned earlier. This record is devoid of any evidence that the Debtor received any consideration for this mortgage and this Court is satisfied the Debtor was not indebted to Walker on or before the date the mortgage in question was executed.

It further appears that Walker executed and delivered a satisfaction of the mortgage in full to Oliver and the Debtor in August, 1990. The record further reveals that although Walker executed and delivered to Oliver both the satisfaction and a partial satisfaction on the second mortgage under consideration, she also executed an assignment of her second mortgage to Oliver. Oliver, who was still president of the Debtor, did not record these assignments. The deposition of Walker, which is part of this record, leaves no doubt that the purpose behind the execution of the second mortgage by the Debtor in favor of Walker and her simultaneous execution of the satisfaction and partial satisfaction of same and the assignment of the second mortgage to Oliver was designed for the purpose to immunize the properties in question from the judgment Order entered by the

Circuit Court against the Debtor and Oliver in favor of Kolody.

Based on the foregoing undisputed facts, it is the contention of the Debtor that there are no genuine issues of material facts and the Debtor is entitled to an award of summary judgment on its claims set forth in the Complaint declaring that the execution of the mortgage by the Debtor in favor of Walker was a transfer and a transfer voidable as fraud pursuant to § 548 of the Bankruptcy Code. Section 548 reads as follows:

§ 548. Fraudulent transfers and obligations.

(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor that was made or incurred on or within one year before the date of the filing of the petition if the debtor filed involuntarily—

(1) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred indebted; or

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(B)(i) was insolvent on the date that such transfer was made or such obligation was incurred or became insolvent as a result of such transfer or obligation;

.    .    .    .    .

In order to prevail on its Motion, it is the Debtor's burden to establish that there are no genuine issues of material facts and that the Debtor is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56 governs the procedure for summary disposition of litigation without the necessity of a full scale trial and has been adopted in toto by F.R.B.P. 7056. Summary judgment is appropriate when there are no genuine issues of material fact and when a party is entitled to judgment as a matter of law. Fed.R.Civ.Pro. 56 as adopted by F.R.B.P. 7056. In determining the merits of a Motion For Summary judgment, the Court is to consider the Motion, pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any exist, showing that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. F.R.B.P. 7056(c).

It is now well established in this Circuit that summary judgment should not be granted unless the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence can be viewed in the light most favorable to the nonmoving party. *Sweat v. Miller Brewing*, 708 F.2d 655 (11th Cir.1983).

This Court is satisfied that there are no generally disputed facts which would prevent the disposition of the Debtor's claim by way of a summary judgment and that the Debtor did in fact establish the requisite burden of proof required to set aside the transfer under § 548(a)(2)(A) or, in the alternative, under § 548(a)(2)(B)(i). It is without dispute that Walker furnished nothing by way of consideration for the second mortgage granted to her encumbering the real property owned by the Debtor. It is equally without dispute that, taking into account the amount secured by the first mortgage due to Sun Bank in the amount of $400,000, together with the second mortgage granted to Walker purportedly securing the obligation in the amount of $433,880.08, the second mortgage to Walker, rendered the Debtor insolvent considering the appraised valuation of the properties at $825,000.00.

Moreover, although it is not very well articulated, it is fair to infer from this record that the execution of a mortgage and the simultaneous execution of a satisfaction by Walker and assignment by Walker to Oliver was merely a scheme to insure that the properties would be insulated from the judgment lien of Kolody which would have been junior both to the first mortgage of Sun Bank and also the second mortgage granted to Walker. In sum, there is hardly any question that the Debtor did establish with the requisite degree of

proof first, that the Debtor received less than reasonable equivalent value in exchange for such transfer; second, that the transfer did render the Debtor insolvent; and third, that the transfer was made within one year with the specific intent to hinder, delay, or defraud Kolody to whom the Debtor was indebted based upon the Judgment entered by the Circuit Court in favor of Kolody and against the Debtor and Oliver.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment is granted in favor of Sunrise Investment Group Inc, and against Nate M. Oliver. A Final Judgment will be entered in accordance with the foregoing.

DONE AND ORDERED.